# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NOLAN KINARD FLOYD, SR., | |
| Plaintiff, | |
| v. | Civil Action No.: JKB-22-859 |
| WARDEN CLEVELAND FRIDAY, | |
| Defendant. | |
| | |
| NOLAN KINARD FLOYD, SR., | |
| Plaintiff, | |
| v. | Civil Action No.: JKB-22-1012 |
| WARDEN CLEVELAN FRIDAY, et al., | |
| Defendants. | |

## MEMORANDUM

The above-captioned civil rights complaints are identical in content and in the claim raised. The two cases shall be consolidated for all purposes and the Complaint filed in JKB-22-1012 shall serve as the Amended Complaint in this consolidated action.

Plaintiff Nolan Kinard Floyd, Sr., who is incarcerated at North Branch Correctional Institution ("NBCI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Floyd appears indigent, his request to proceed without pre-payment of the filing fee is granted. In addition, the Amended Complaint, filed pursuant to 42 U.S.C. § 1983, has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

Floyd alleges that Defendants Cleveland Friday, Synessa Jefferson, Ms. Mann, Nurudeen Matti, and Joseph Reed have violated his due process rights for failing to timely respond to another complaint pending before another judge of this Court. ECF No. 1 at 2. Based on the information Floyd provides regarding the relevant action, I take judicial notice that he is referring to Case No. PX-21-2449, filed against the same parties named in his Amended Complaint.[1] Floyd asserts that Defendants were granted two extensions of time and still failed to timely file their response by the March 14, 2022 deadline. *Id.* For the reasons discussed below, Floyd's Amended Complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Those Sections require the Court to conduct an initial screening of the Amended Complaint and to dismiss the Complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

To the extent Floyd seeks to bring a claim alleging that he has been denied access to the courts, his claim fails. Prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977). However,

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).

---

[1] Pursuant to Fed. R. Evid. 201(b), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id.* at 399.

Here, it appears that the defendants in Civil Action No. PX-21-2449 filed a Motion to Dismiss, or in the Alternative, for Summary Judgment on March 14, 2022. ECF No. 33. Thereafter, Floyd filed two motions for default judgment, which were recently denied finding no legitimate grounds to grant Floyd's motion and granting him an extension of time in which to respond to the defendants' motion. *See Floyd v. Friday*, Civ. No. PX-21-2449, ECF No. 42 (May 10, 2022). As such, Floyd's ability to proceed with his claim has not been impeded and no injury has resulted.

Moreover, Floyd fails to otherwise state a claim for violation of his due process rights. The three factors to be balanced to determine how much process an individual is due are:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Wilkinson v. Austin*, 545 U.S. 209, 224-25 (2005) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)). Floyd provides only a conclusory allegation; he fails to demonstrate that a protected

3

private interest has been affected by official action or that he was at any risk of erroneous deprivation as a result of the perceived default by defendants. The alleged "negligence towards the plaintiff[']s complaint, and the District Judge Court Order" is insufficient to state a claim upon which relief may be granted.

Floyd is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) constitutes a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g).

The Amended Complaint is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). A separate order follows.

Dated this 11 day of May, 2022.

FOR THE COURT:

James K. Bredar
Chief Judge